| JONATHAN KAHN JONES | * | NO. 2020-C-0437 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| RUEY-JIANG WEN, A/K/A | * | |
| NITA LO | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-05263, DIVISION "K"
Honorable Bernadette D'Souza, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Rosemary Ledet, Judge Regina Bartholomew-Woods)

Theon Agnes Wilson
LAW OFFICES OF THEON A. WILSON
1100 Poydras Street, Suite 2900
New Orleans, LA 70163

    COUNSEL FOR RELATOR/JONATHAN KAHN JONES

Marc D. Winsberg
Jonathan D. Gamble
WINSBERG & ARNOLD, LLC
650 Poydras Street, Suite 2050
New Orleans, LA 70130

    COUNSEL FOR RESPONDENT/RUEY-JIANG WEN, A/K/A NITA LO

**REHEARING GRANTED FOR CLARIFICATION ONLY**

**September 22, 2020**

*RML*
*TFL*
*RBW*

Respondent—Ruey-Jiang Wen, a/k/a Nita Lo—seeks rehearing of this court's September 4, 2020 writ disposition. This court's writ disposition reversed the trial court's judgment dismissing the Petition for Protection from Abuse filed by Relator—Jonathan Jones, the minor child's father—against Respondent—the minor child's grandmother. The trial court's judgment was based on a finding of improper venue. Reversing, this court reasoned that venue is proper in Orleans Parish for two reasons: (1) Mr. Jones is domiciled in Orleans Parish; and (2) there is a pending suit for divorce and custody in Orleans Parish Civil District Court (the "Divorce Suit"). We further reasoned that "the trial court abused its discretion in dismissing the case instead of ordering that it be consolidated with the [Divorce Suit]."

In her rehearing application, Respondent contends that this court erroneously considered evidence not presented to the trial court in finding venue proper and erroneously ordered the Petition for Protection from Abuse be consolidated with the Divorce Suit. We grant rehearing solely to clarify our prior

1

writ disposition as it pertains to why venue is proper and why consolidation with the Divorce Suit is appropriate.

## VENUE

Venue for a petition for protection from abuse is governed by La. R.S. 46:2133(B), which enumerates the following five parishes in which venue is proper:

(1) In the parish where the marital domicile is located or where the household is located.

(2) In the parish where the defendant resides.

(3) In the parish where the abuse is alleged to have been committed.

(4) In the parish where the petitioner resides.

(5) In the parish where an action for annulment of marriage or for a divorce could be brought pursuant to Code of Civil Procedure Article 3941(A).

Louisiana Code of Civil Procedure Article 3941(A) provides that "[a]n action for an annulment of marriage or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile." *Id.*

In his Petition for Protection from Abuse, Relator relied on La. R.S. 46:2133(B)(3)—the parish in which the abuse is alleged to have been committed. In our writ disposition, we relied on both La. R.S. 46:2133(B)(4)—the parish where the petitioner resides—and La. R.S. 46:2133(B)(5)—the parish where an action for divorce could be brought. In her rehearing application, Respondent contends that this court erroneously considered evidence not presented to the trial court in finding that Relator resides in Orleans Parish and that "whether the last marital domicile was in Orleans Parish is irrelevant, as it has no bearing on the

2

proper venue for the Petition for Protection from Abuse filed against a party who is not a party to that divorce proceeding."

Contrary to Respondent's contention, La. R.S. 46:2133(B)(5) contains no restriction on its use to actions involving the parties to the divorce proceeding, Rather, it is one of the five enumerated proper venues for a petition for protection from abuse. Given that Orleans Parish is not only where a divorce proceeding could be brought, but also where the Divorce Action is currently pending, we find venue is proper under La. R.S. 46:2133(B)(5). We, thus, pretermit considering the issues Respondent raises regarding the other grounds for finding venue proper.

## CONSOLIDATION

Consolidation is governed by La. C.C.P. art. 1561(A), which provides, in pertinent part, as follows: "[w]hen two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate." *Id.*

Respondent, in the alternative, contends that it is improper to consolidate the Petition for Protection from Abuse—an action between the minor child's father and grandmother—with the Divorce Action—an action between the minor child's father and mother. Stated otherwise, Respondent, in her rehearing application, contends that "the proceedings are separate and distinct from one another, which is why the trial court declined to consolidate the matters." This argument is unpersuasive.

The two proceedings are interrelated; both proceedings involve the minor child's safety and welfare. Indeed, the relief that a court can grant in response to a petition for protection from abuse includes "[a]warding temporary custody of or

3

establishing temporary visitation rights and conditions with regard to any minor children or person alleged to be incompetent." La. R.S. 46:2136(A)(3). Consolidation of the two proceedings is thus appropriate here. The trial court abused its discretion in dismissing the action rather than consolidating it.

For these reasons, we grant Respondent's application for rehearing solely to clarify our earlier writ disposition. In all other respects, this court's September 4, 2020 writ disposition remains unchanged.

**REHEARING GRANTED FOR CLARIFICATION ONLY**